FRANK JAMES FOLEY *v*. ELLIOT COMMUNITY HOSPITAL & a.

*Howard B. Lane, McLane, Davis, Carlton & Graf* and *Stanley M. Brown* (*Mr. Brown* orally), for the plaintiff.

*Francis W. Johnston, Orr & Reno, Philip H. Faulkner, N. Michael Plaut* and *Homer S. Bradley* (*Mr. Orr* orally), for the defendants.

KENISON, C. J. In this state the applicable law relative to the necessary proof to establish irrevocable mutual wills is set forth in *Boyle* v. *Dudley,* 87 N. H. 282 and *Knox* v. *Perkins,* 86 N. H. 66, 70, 71. The fact that husband and wife "made mutual wills is not in itself evidence of an agreement not to revoke them. 1 Jarman, Wills (7th ed.), *p.* 44. 'The vital question is, Was it agreed by them that the wills should remain irrevocable after the death of either? For the solution of this we must look to the extraneous testimony, keeping in mind that, to establish an agreement, the proofs must be clear and convincing. The contract must be found in an express promise, or inferred, as a conclusion of fact, from the circumstances surrounding the parties.' *Tooker* v. *Vreeland,* 92 N. J.. Eq. 340, 343." *Knox* v. *Perkins, supra.* It is clear from these decisions that evidence of the existence of an agreement not to revoke mutual wills may be found

from the conduct of the parties as shown by the surrounding circumstances including the language used in the wills.

There was evidence in this case that on August 18, 1937, after the wills had been executed that Frank said to a relative in the presence of his wife that they had "been up to Lawyer Faulkner's office this afternoon, and we have drawn up our wills, and we agreed on everything . . . Isn't that so, Mamie"?, to which Mary (Mamie) replied, "Yes." This evidence was not contradicted and no claim is made that the parties are not bound by the language used in the wills. This testimony that Mary and Frank had agreed on everything supports the language of the will that they are "in perfect accord in regard to the objects of our bounty." The words used in clause C are stated in terms of contract language and are mandatory in form. It is not seriously disputed that this testimony and the wills clearly established a common purpose of disposing of their estates so that the survivor would have the benefit of it and that thereafter it would go to the common purposes and common objects of their bounty as set forth in the dispositive provisions in their wills. The defendants maintain however that there is no convincing proof either from the wills or the surrounding circumstances that the parties agreed that their wills should remain irrevocable after the death of one. It is urged that this evidence merely establishes the execution of mutual wills but furnishes no support for the finding of the Court that the wills were to be irrevocable after the death of either.

The contract terminology used in clause C of the mutual wills, the statement that they are in perfect accord, the use of mandatory terms, the acknowledgment of reciprocal obligations if the survivor acquires property under the will of the first to die and the disposition in each will of some property belonging to the other by means of the identical twenty-four clauses of their respective wills are all factors which tend to support the Trial Court's finding that the survivor's will should remain irrevocable after the death of either. Frank's statements to Mary on August 18, 1937, as well as her statement that "Frank and I haven't forgotten . . . ." The testimony of Frank's brother and sister-in-law was additional uncontradicted evidence that makes the Court's finding more probable. The Trial Court could and undoubtedly did give some weight to the fact that the Foleys, including the plaintiff, were held in high personal regard by the Stearns and were intimately connected with them in business for many years. The fact that this elderly couple were devoted to each other does not rule out the probability that they intended to

and did make a final and integrated disposition of their property under mutual irrevocable wills. The Court's findings are sustainable on the basis of the wills and the evidence in this case. *Maloney* v. *Company*, 98 N. H. 78.

It is urged that even if a contract existed it is so vague and uncertain that it should not be enforced. 1 Restatement, Contracts, *s.* 32; *Bailey* v. *Collins*, 59 N. H. 459, 462. The statement that Frank and Mary had "agreed on everything" and the provision in clause C that they were in perfect accord as to the objects of their bounty are of course general statements. However they acquired a specific meaning when considered in the context of the two wills.

The cases on mutual wills in other jurisdictions are legion. Anno. 169 A. L. R. 9; Note, Joint or Mutual Wills, 61 Harv. L. Rev. 675. Wide variation in the language of the wills and the surrounding circumstances make them of little value as a precedent in subsequent cases. *Rogers* v. *Scagliotti*, 96 N. H. 134. While we have examined all cases cited by counsel, we have not cited them in this opinion as being helpful in this case. The Trial Court has followed the law as set forth in *Boyle* v. *Dudley*, 87 N. H. 282 and *Knox* v. *Perkins*, 86 N. H. 66, and his findings are permissible ones on this record. Accordingly the order is

*Exceptions overruled.*

Goodnow, J., did not sit: the others concurred.